UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

STEVEN W. SHORT,

    Plaintiff,

v.                                                                    Case No. 3:22cv19162-MCR-HTC

WALTON COUNTY, et al.,

    Defendants.

_____/

REPORT AND RECOMMENDATION

Plaintiff Steven W. Short, a pretrial detainee proceeding *pro se* and *in forma pauperis*, has filed an amended complaint under 42 U.S.C. § 1983 seeking to assert claims for constitutional violations arising out of his arrest and related criminal prosecution. ECF Doc. 1. After reviewing the amended complaint, the undersigned finds it is nonsensical, names defendants who are immune, and fails to state a claim upon which relief may be granted. Thus, the undersigned recommends the action be dismissed without leave to amend as an additional amendment would be futile.

**I.     BACKGROUND**

Plaintiff is a pretrial detainee who has been determined to be incompetent to proceed to trial. He filed his original complaint on September 30, 2022. ECF Doc. 1. In that complaint, Plaintiff sued Walton County, Walton County Sheriff's Office,

and the Walton County Jail for constitutional violations pertaining to the "unsanitary" conditions of the Jail. *Id.* He also sought to assert claims on behalf of multiple other detainees. *Id.* Upon initial screening, the Court entered an Order advising Plaintiff his allegations did not meet the basic requirements of Federal Rule of Civil Procedure 8 and that he cannot bring this action on behalf of other inmates. ECF Doc. 3. The Court also gave him an opportunity to file an amended complaint.

Plaintiff's amended complaint—which is markedly different from the initial complaint—names the following defendants, all of whom are sued in their official capacity only: (1) Judge Wells; (2) "the Judge who set a $50,000 bond on me at first appearance;" (3) Sheriff Michael A. Adkinson, Jr.; (4) "those named [in his] arrest report;" and (5) Bailey Rushing, Public Defender.[1] ECF Doc. 5 at 1–3. Plaintiff vaguely complains of being unlawfully detained and inadequately represented in the criminal proceedings against him: *Florida v. Short*, Case No. 22-CF-640, pending in the First Judicial Circuit Court of Florida. *See id.* at 5–7. The amended complaint sets forth the following factual allegations, which are accepted as true for purposes of the present Report and Recommendation.

"On 8/1/22 [Plaintiff] was detained on private property on County Hwy 393 North with false statement against [him] that was not brought forth at the time of

---

[1] Although Plaintiff listed Walton County in the style of the case on the first page of the amended complaint, he did not include Walton County in the section titled "Parties to This Complaint," nor did he allege any facts pertaining to the County itself.

Case No. 3:22cv19162-MCR-HTC

[his] arrest till around 12 hours of being detained." *Id.* at 5. Plaintiff only spoke to his public defender, Bailey Rushing, "one time back in August" to discuss the allegations against him. *Id.* Plaintiff "advised" Rushing "to file several motions for [him] on [his] behalf which were never done." *Id.* He still has not received any information about his case, except "that its [sic] been set for Pre Trial on Nov. 17." *Id.* Additionally, Plaintiff "heard from a third party thats [sic] not involved in [his] case that a competent test was ordered on [him] without [his] knowledge." *Id.* Plaintiff believes he has been "very uncounseled." *Id.* He also believes there is "no material evidence to keep [him] detained." *Id.*

Based on the above facts, Plaintiff purports to assert the following claims: "false statements, false representation, false imprisonment, evidentiary harpoon, intrinsic fraud, fraudulent conversion, fraudulent concealment, extrinsic fraud, fraud on the court, RICO, false pretenses, fishing expedition and not having a preliminary hearing." *Id* at 5–6. He also alleges the Second, Sixth, Eighth, Tenth, Thirteenth, and Fourteenth Amendments have been violated "by everyone in my claim in one way or another." *Id.* at 7.

As relief, Plaintiff seeks $50 million "due to the fact that I've lost my whole liveliness since my wrongful arrest," including "properties that were lost; my fish business that I was trying to start up out of pocket, my home, my work truck, my truck, all equipment for fishing, etc." *Id.* Plaintiff wants "everything that [he] lost

due to their actions back and [his] time that was stolen from [him repaid]," which "is only fair due to the facts that he would have never lost anything if they did their job right as law biding [sic] persons sworn in." *Id.* at 6.

## II.   LEGAL STANDARD

Because Plaintiff is a prisoner seeking redress from governmental employees, under the Prison Litigation Reform Act ("PLRA"), the Court must dismiss his complaint, or any portion thereof, if it determines it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A; *see also* 28 U.S.C. § 1915(e)(2)(B) (applying the same standard to *in forma pauperis* proceedings). To state a claim, Plaintiff must plead factual content which allows the Court to draw the reasonable inference the Defendants are liable for the misconduct alleged. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court must read Plaintiff's *pro se* allegations in a liberal fashion, *see Haines v. Kerner*, 404 U.S. 519, 520–21 (1972), but conclusory allegations and legal conclusions couched as factual allegations are not entitled to a presumption of truth, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

## III.   DISCUSSION

As an initial matter, Plaintiff's amended complaint, like his original complaint, is devoid of factual content sufficient to meet the basic federal pleading

requirements or to give Defendants adequate notice. *See* Fed. Rs. Civ. P. 8(a)(2); *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1294–95 (11th Cir. 2018). The Court previously censured Plaintiff's naked quoting of constitutional provisions, without providing the factual circumstances upon which his purported claims rest, i.e., "the 'who,' 'what,' 'when,' or 'how'" of the alleged wrongdoing. *See* ECF Doc. 3 at 3. Despite the Court's instructions, Plaintiff's amended complaint again regurgitates some of the same legal labels used in the original complaint, such as "false imprisonment," "fraudulent conversion," "fraudulent concealment," "extrinsic fraud," "fraud on the court," "RICO," and "fishing expedition," without providing any supporting facts or any explanation as to how those claims relate to any specific defendant. Indeed, Plaintiff does not allege any facts pertaining to either Sheriff Adkinson or Judge Wells, and, instead, claims "everyone in my claim" violated several constitutional amendments "in one way or another." ECF Doc. 5 at 7. Plaintiff's amended complaint thus amounts to nothing more than a shotgun pleading. *See, e.g.*, *Toth v. Antonacci*, 788 F. App'x 688, 691 (11th Cir. 2019), *cert. denied*, 140 S.Ct. 2723 (2020) (rejecting complaint against the judge, sheriff's deputies, and defense attorney in plaintiff's criminal proceedings as an "impermissible shotgun pleading" because it merely enumerated legal principles defendants allegedly violated without: 1) separating the purported claims into

different counts, 2) drawing any clear lines between the legal and factual bases for those claims, or 3) setting forth the elements of any of the claims).

Despite this overriding deficiency, the Court has, nonetheless, evaluated the merits of Plaintiff's amended complaint—to the extent there may be any—and found no cognizable claims against any of the named Defendants.

**A. Claims Against the Judges**

As stated above, Plaintiff sues Judge Wells and "the Judge who set a $50,000 bond [on him] at first appearance." ECF Doc. 5. It is wholly unclear, however, for what he sues these judges. He has included no factual allegations as to the judges or set forth what he thinks they did wrong, other than, presumably, his dissatisfaction with how they handled his criminal proceedings. Regardless, any claim against the judges is barred by the doctrine of absolute immunity. Judges are not civilly liable for their judicial acts, "even when such acts are in excess of their jurisdiction" or "are alleged to have been done maliciously or corruptly." *Bradley v. Fisher*, 80 U.S. 335, 351 (1871). A judge may be deprived of immunity only if the action at issue was undertaken in the "clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 357 (1978) (citing *Bradley*). There is no indication Judge Wells or the initial appearance judge acted without jurisdiction or that they are being named in this suit for any reason other than the actions they took in their judicial roles. Thus, Plaintiff has not set forth a claim against the judges, nor could he.

### B. Claims Against Public Defender Bailey Rushing

Likewise, Plaintiff's purported claim against his public defender also fails. Based on his scant pleadings, it appears Plaintiff is unhappy with the assistance he has been provided by counsel. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege: (1) a violation of federal law or the Constitution; and (2) that the alleged violation was committed by a person acting under the color of state law. *Holmes v. Crosby*, 418 F.3d 1256, 1258 (11th Cir. 2005) (per curiam). The Supreme Court has held, however, that "a public defender does not act under color of state law when performing the lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981). Thus, Plaintiff cannot state a claim against Rushing under section 1983. *See id.*; *see also Ganstine v. Williams*, 476 F. App'x 361, 363–64 (11th Cir. 2012) (affirming the district court's dismissal of a prisoner's § 1983 claim against his public defender under *Polk*). Any claim that counsel was ineffective is one that should be brought in Plaintiff's criminal case.

### C. Claims Against Sheriff Adkinson and The Arresting Officers

Finally, it appears Plaintiff seeks to assert claims for false arrest or false imprisonment against Sheriff Adkinson and other deputies named on his arrest report. ECF Doc. 5 at 3. As with the other Defendants, however, Plaintiff has failed to allege any facts supporting any such claims. He does not identify the officers or

state what he believes they did wrong with regard to his arrest. He does not state what Sheriff Adkinson did wrong or allege he was involved with the arrest. Moreover, to the extent Plaintiff seeks to hold Sheriff Adkinson vicariously liable for the conduct of the other officers, he cannot do so. It is well settled that "supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability." *Hartley v. Parnell*, 193 F.3d 1263, 1269 (11th Cir. 1999) (quotation marks and citation omitted).

Instead, "a plaintiff seeking to hold a supervisor liable for constitutional violations must show that the supervisor either participated directly in the unconstitutional conduct or that a causal connection exists between the supervisor's actions and the alleged constitutional violation." *Harrison v. Culliver*, 746 F.3d 1288, 1298 (11th Cir. 2014) (citation omitted). "A plaintiff can establish the required causal connection by documenting either (1) 'a history of widespread abuse [that would put] the responsible supervisor on notice of the need to correct the alleged deprivation,' and the supervisor's failure to correct the problem; (2) an official custom or policy that led to the violation; or (3) facts that indicate that 'the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so.'" *Johnson v. Rosier*, 578 F. App'x 928, 930 (11th Cir. 2014) (quoting *Harrison*, 746 F.3d at 1298)

(alteration in original).  Plaintiff, however, has alleged no facts showing a causal connection or Sheriff Adkinson's personal involvement.  Accordingly, any claims against Sheriff Adkinson or the other officers fail as a matter of law.

## IV.   CONCLUSION

It is clear from Plaintiff's complaint that he has not alleged facts sufficient to meet the basic notice requirements under Rule 8 and has not set forth any facts to state a claim against any Defendant.  Instead, Plaintiff's entire claim appears to be premised on his belief that he should not be incarcerated, but he has provided no facts to show that his incarceration violates a constitutional right.  Plaintiff has already been given an opportunity to amend his complaint once and given the paucity of any facts to support any claim, the undersigned finds an additional opportunity to amend to be futile.

Accordingly, it is RECOMMENDED:

1. This case be DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim.

2. The clerk be directed to close the file.

At Pensacola, Florida, this 7th day of December, 2022.

/s/ Hope Thai Cannon
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within **fourteen (14) days** of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u>  An objecting party must serve a copy of its objections upon all other parties.  A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1.